**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROBERT R. MONDRON,        )
                                   )
         Plaintiff,         )
                                   )     Civil Action No. 16-412
         v.                  )
                                   )     Judge Cathy Bissoon
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY,       )
                                   )
         Defendant.       )

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is a motion (**Doc. 3**) by Defendant State Farm Mutual Automobile Insurance Company ("Defendant") seeking partial dismissal of the Complaint. For the reasons that follow, Defendant's motion will be GRANTED.

#### A.  Factual and Procedural Background

On October 13, 2013, Plaintiff Robert R. Mondron ("Plaintiff") was a passenger in a motor vehicle that was being driven by Christopher Stewart ("Stewart") on Ewalt Road in Allegheny County, Pennsylvania. Compl. at ¶ 6 (Doc. 1-4). Stewart lost control of the vehicle, allowing or causing it to strike a utility pole that was off of the roadway. Id. at ¶ 7. As a result of this single-vehicle accident, Plaintiff sustained head and facial injuries, internal injuries, shock and injury to his nervous system. Id. at ¶¶ 7, 10.

At the time of the accident, Plaintiff was insured under a vehicular insurance policy issued by Defendant to Plaintiff's parents. Compl. at ¶ 5. The policy included underinsured motor vehicle coverage in the amount of $150,000.00. Id. at ¶ 15.

On or about May 14, 2014, Stewart tendered the full limits on his own automobile liability insurance policy, which was $100,000.00. Compl. at ¶ 12. The settlement was made with the express consent and permission of Defendant. Id.; see also Compl. Ex. A (Doc. 1-4).

Plaintiff then sought to recover underinsured motorist ("UIM") benefits from Defendant on the grounds that Stewart was underinsured. Compl. at ¶ 13. According to the Complaint, Defendant "unreasonably delayed in adequately handling Plaintiff's [UIM] claim," id. at ¶ 17, "inadequately investigated [the] claim," id. at ¶ 18, and "failed to make a reasonable offer of settlement," id. at ¶ 19, all the while acting with knowledge and/or reckless disregard of "its lack of reasonable basis in evaluating Plaintiff's [UIM] claim." Id. at ¶ 20. Through its conduct, Defendant allegedly violated provisions of Pennsylvania's Unfair Insurance Practices Act ("UIPA"), 40 Pa. Stat. Ann. §§ 1171.1 et seq., as well as Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. §§ 201-1 et seq..

On April 8, 2016, Plaintiff filed this lawsuit in Pennsylvania state court, asserting a claim for UIM benefits in Count I of his Complaint and a claim for alleged bad faith and UTPCPL violations in Count II. See Notice of Removal at ¶¶ 1, 5-6 (Doc. 1); Compl. (Doc. 1-4). On the basis of diversity jurisdiction, Defendant removed the lawsuit to this forum on April 8, 2016. (Doc. 1).

On April 3, 2016, Defendant filed the pending motion for partial dismissal of the Complaint. (Doc. 3). Defendant seeks a dismissal of Count II on the ground that Plaintiff has failed to plead factual content sufficient to set forth a plausible claim for bad faith. To the extent Plaintiff is asserting a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), Defendant requests that said claim be dismissed on the grounds

that:  (a) the claim is barred by the "Economic Loss Rule," and (b) the complaint fails to state facts in support of all the required elements of a UTPCPL claim.

## B.  Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When faced with a motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  See Henderson v. Borough of Baldwin, No. 15-1011, 2016 WL 5106945, at *2 (W.D. Pa. Sept. 20, 2016).

## C.  Legal Analysis

1. Plaintiff's Bad Faith Claim

Pennsylvania's bad faith statute[1] provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
>> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>>
>> (2) Award punitive damages against the insurer.
>>
>> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371 (West).  The statute does not define "bad faith," or "set forth the manner in which an insured must prove bad faith."  Rancosky v. Washington Nat. Ins. Co., 130 A.3d 79, 92 (Pa. Super. Ct. 2015), reargument denied (Feb. 25, 2016), pet. for app. granted, ___

---

[1] As this Court is exercising diversity jurisdiction, it will apply the substantive law of Pennsylvania in the analysis of Defendant's motion.  See Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

A.3d ____, 2016 WL 4530028 (Pa. Aug. 30, 2016) (Mem.). However, the Pennsylvania

Superior Court has defined bad faith as meaning:

> "[a]ny frivolous or unfounded refusal to pay proceeds of a policy; it is not
> necessary that such refusal be fraudulent. For purposes of an action against an
> insurer for failure to pay a claim, such conduct imports a dishonest purpose and
> means a breach of a known duty (for example, good faith and fair dealing),
> through some motive of self-interest or ill will; mere negligence or bad judgment
> is not bad faith."

Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting

Black's Law Dictionary 139 (6th ed. 1990)).

To prove such a claim, "a plaintiff must show by clear and convincing evidence that the

insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or

recklessly disregarded its lack of a reasonable basis in denying the claim." Condio v Erie Ins.

Exch., 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing Terletsky, 649 A.2d at 688); Klinger v.

State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997)). Although the essence of bad

faith is the insurer's frivolous or unfounded refusal to pay benefits, the U.S. Court of Appeals for

the Third Circuit has recognized that bad faith conduct may encompass an insurer's unreasonable

lack of investigation into the facts or failure to communicate with the insured. See Frog, Switch

& Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n.9 (3d Cir. 1999). "Bad faith claims

are fact specific and depend on the conduct of the insurer vis à vis the insured." Condio, 899

A.2d at 1143 (citing Williams v. Nationwide Mut. Ins. Co., 750 A.2d 881, 887 (Pa. Super. Ct.

2000)).

Defendants argue that Count II of the complaint should be dismissed because the

complaint does not set forth factual content that is sufficient to support a plausible bad faith

claim. The Court agrees.

The gravamen of Plaintiff's bad faith claim is that the Defendant unreasonably denied UIM benefits to which Plaintiff is entitled under the terms of his parents' insurance policy. As noted, he alleges that Defendant "unreasonably delayed" the handling of his claim, Compl. at ¶ 17, "inadequately investigated" the claim, id. at ¶ 18, "failed to make a reasonable offer of settlement," id. at ¶ 19, and "knew of or recklessly disregarded its lack of reasonable basis in evaluating Plaintiff's underinsured motorist claim." Id. at ¶ 20. These types of conclusory allegations are insufficient to state a plausible basis for relief. See James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (on a Rule 12(b)(6) motion, the court must disregard "mere conclusory statements"); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (court should identify allegations that "are no more than conclusions [and] are not entitled to the assumption of truth").

Elsewhere, plaintiff alleges violations of the UIPA by invoking boilerplate, statutory language and/or generic "bad faith" catchphrases. See, e.g., Compl. at ¶ 21(a) (alleging that Defendant "[did] not attempt[] in good faith to effectuate prompt, fair, and equitable settlement of the subject claim"; id. at ¶ 21(b) (Defendant "compell[ed] the Plaintiff to institute litigation to recover the amount fairly and equitably due. . . ,"); id. at ¶ 21(c) (Defendant "fail[ed] to promptly provide a reasonable explanation" for its settlement offer); id. at ¶ 21(d) (Defendant "attempt[ed] to settle a claim for less than the amount to which a reasonable person would have believed he was entitled"); id. at ¶ 21(f) (Defendant "unreasonably extend[ed] a low settlement offer"); id. at ¶ 21(g) (Defendant "extend[ed] a settlement offer which bears no reasonable relationship to the injuries and damages suffered); id. at ¶ 21(i) (Defendant "fail[ed] to treat the Plaintiff fairly"); id. at ¶ 21(j) (Defendant "fail[ed] to properly evaluate the Plaintiff's claims"). In essence, these allegations are nothing more than redundant and conclusory re-assertions of Plaintiff's prior bad

faith allegations. Plaintiff's generic invocation of statutory language is insufficient to satisfy his federal pleading burden. See Iqbal, 556 U.S. at 679 (a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'") (quoting Twombly, 550 U.S. at 544-55).

Plaintiff also alleges violations of the UTPCPL in connection with Count II. To that end, he claims that "Defendant has engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the context of any trade or commerce," Compl. at ¶ 22(a), and "Defendant has engaged in improper conduct which has created a likelihood of confusion or misunderstanding. . . ." Id. at ¶ 22(b). Here again, these averments are nothing more than a generic paraphrasing of statutory language. See 73 Pa. Stat. Ann. §§ 201-3 and 201-2(4)(xxi). As such, they do not state a plausible basis for relief.

In numerous cases, federal courts addressing similar types of allegations have concluded that the plaintiff's averments were insufficient to state a viable claim for bad faith. See, e.g., Murphy v. State Farm Mut. Auto. Ins. Co., No. CV 16-2922, 2016 WL 4917597, at *3 (E.D. Pa. Sept. 15, 2016) (no claim stated where plaintiff alleged, e.g., that insurer "Fail[ed] to objectively and fairly evaluate Plaintiff's UIM claim," "Ma[de] settlement offers which its [sic] knows are insultingly low," "Engag[ed] in dilatory and abusive claims handling," and "Fail[ed] to promptly offer payment to the Plaintiff"); Liberty Ins. Corp. v. PGT Trucking, Inc., No. 2:11-cv-151, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011) (bad faith allegations were insufficient where claimant asserted a laundry list of twenty-nine (29) generalized accusations, including allegations that insurer failed to adequately defend, failed to adequately investigate, failed to settle at appropriate values, failed to supervise and manage claims, failed to act in the best interests of claimant and/or failed to adequately protect claimant's interests); Eley v. State Farm Ins. Co.,

No. 10-5564, 2011 WL 294031, at *3-4 (E.D. Pa. Jan. 31, 2011) (dismissing bad faith claim where plaintiff alleged that the defendant insurance company lacked reasonable basis in "(a) fail[ing] to negotiate plaintiffs' [UIM] claim in good faith[;] (b) fail[ing] to properly investigate and evaluate plaintiff[s'] insurance claim[;] and (c) such other acts to be shown through discovery")(alteration in original); Atiyeh v. National Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 599-600 (E.D. Pa. 2010) (no plausible bad faith claim stated where plaintiff alleged that defendant insurer (1) falsely and fraudulently represented that plaintiff had not performed routine maintenance on the premises; (2) unreasonably refused to indemnify plaintiff for his loss; and (3) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis); Muth v. State Farm Fire & Cas. Co., No. 1:CV-10-1487, 2010 WL 3805386, at *1 (M.D. Pa. Sept. 22, 2010) (dismissing bad faith claim where plaintiff alleged, among other things, that insurer failed: "to conduct a reasonable and fair investigation of the claim"; "to pay the claim within a reasonable period of time"; "to attempt to come to a fair and reasonable settlement of the claim when liability is clear"; "to promptly provide a reasonable explanation for denial of the claim"; and "to specifically detail evidence of reason to deny [the] claim.").

Absent from the complaint in this case are "any facts that describe who, what, where, when, and how the alleged bad faith conduct occurred." Liberty Ins. Corp., 2011 WL 2552531, at *4. Because Plaintiff has failed to state a plausible basis for recovery under Pennsylvania's bad faith statute, Count II of the Complaint will be dismissed without prejudice.

## 2. Plaintiff's UTPCPL Claim

The Court will next consider whether Plaintiff has stated an independent claim for relief under the UTPCPL. The purpose of the UTPCPL "is to protect consumers from 'fraud and unfair or deceptive business practices.'" Doherty v. Allstate Indem. Co., Civil Action No. 15-5165, 2016 WL 5390638, at *4 (E.D. Pa. Sept. 27, 2016) (citing Commonwealth ex rel. Corbett v. Peoples Benefit Servs., 923 A.2d 1230, 1236 (Pa. Commw. Ct. 2007)). To that end, the UTPCPL prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce," as defined by other provisions of the statute. 73 Pa. Stat. Ann. §§ 201-3 and 201-2(4). Further, the UTPCPL provides a private cause of action to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful." Id. at § 201-9.2(a). Where liability is established, the court may, in its discretion, award up to three times the actual damages sustained, as well as costs and reasonable attorney fees. Id.

Here, the complaint does not set forth a claim under the UTPCPL by way of a separate count, but it does assert that Defendant violated the law by "failing to settle Plaintiff's underinsured motorist claim in a prompt, fair, and equitable fashion." Compl. at ¶ 23; see also id. at ¶ 22(a) and (b). The complaint also includes a request for treble damages. Id. at ¶ 23. In his brief in opposition to the pending motion, Plaintiff acknowledges that he is asserting a separate UTPCPL claim. See Pl.'s Br. Opp. to Def.'s Partial Mot. Dismiss (Doc. 7) at 6-8.

Defendant contends that this claim should be dismissed because: (a) it is barred by the "economic loss doctrine" and (b) the facts alleged in the complaint fail to state a claim for relief. As the Court finds the second argument dispositive, it need not reach the first.

"To maintain a private right of action under the UTPCPL, a plaintiff must demonstrate (1) 'ascertainable loss of money or property, real or personal,' [73 Pa. Stat. Ann.] § 201–9.2(a), (2) 'as a result of' the defendant's prohibited conduct under the statute." Kaymark v. Bank of Am., N.A., 783 F.3d 168, 180 (3d Cir. 2015)(quoting 73 Pa. Stat. Ann §201-9.2(a) and citing Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 (Pa. 2004)), cert. denied sub nom. Udren Law Offices, P.C. v. Kaymark, 136 S. Ct. 794, 193 L. Ed. 2d 710 (2016). Pennsylvania courts have interpreted Section 201-9.2(a)'s language as implying a requirement that the plaintiff demonstrate justifiable reliance on the defendant's deceptive or fraudulent conduct. See, e.g., Hunt v. U.S. Tobacco Co., 538 F.3d 217, 222–23 (3d Cir. 2008) ("The Supreme Court of Pennsylvania has consistently interpreted the Consumer Protection Law's private-plaintiff standing provision's causation requirement to demand a showing of justifiable reliance, not simply a causal connection between the misrepresentation and the harm."); Duffy v. Lawyers Title Ins. Co., 972 F. Supp. 2d 683, 694 (E.D. Pa. 2013) ("Due to the causation requirement in the UTPCPL's standing provision, 73 Pa. Stat. § 201–9.2(a) (permitting suit by private plaintiffs who suffer loss as a result of the defendant's deception), a private plaintiff pursuing a claim under the statute must prove justifiable reliance on the misrepresentation or wrongful conduct resulting injury.") (citing cases).

In his complaint, Plaintiff alleges wrongful conduct under 73 P.S. §§ 201-3 and 201-2(4). Section 201-3 generically prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices," while Section 201-2(4) defines this concept in more specific terms. Based on a liberal reading of the complaint, it appears Plaintiff is alleging that Defendant violated the "catch-all" provision of Section 201-2(4)(xxi), which prohibits persons from "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of

misunderstanding." See Compl. ¶22(b) ("Defendant has engaged in improper conduct which has created a likelihood of confusion or misunderstanding. . . .").[2]

Defendants contend that Plaintiffs averments are insufficient to establish a violation of the UTPCPL or a right of recovery. This argument is well-taken. Even construing the Complaint in the light most favorable to Plaintiff, it fails to set forth factual content that could satisfy the required elements of his claim.

First, Plaintiff has not pled any deceptive act or conduct on the part of Defendant. For purposes of the UTPCPL, a deceptive act is understood as "one that is 'likely to deceive a consumer acting reasonably under similar circumstances.'" Doherty v. Allstate Indem. Co., No. CV 15-05165, 2016 WL 5390638, at *5 (E.D. Pa. Sept. 27, 2016) (quoting Seldon v. Home Loan Servs., Inc., 647 F. Supp. 2d 451, 470 (E.D. 2009)). Relevantly,

> [i]n Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 498 (3d Cir. 2013), the Third Circuit Court of Appeals predicted how the Pennsylvania Supreme Court would interpret "deceptive conduct." The court examined the Pennsylvania Superior Court's decision in Fazio v. Guardian Life Ins. Co., 62 A.3d 396 (Pa. Super. 2012), and noted that the "district court decisions on which Fazio relied suggest that deceptive conduct does not require proof of the elements of common law fraud, but that knowledge of the falsity of one's statements or the misleading quality of one's conduct is still required." Belmont, 708 F.3d at 498. The Third Circuit also cited Wilson v. Parisi, 549 F. Supp. 2d 637, 666 (M.D. Pa. 2008), for the proposition that a deceptive act is "the act of intentionally giving a false impression or a tort arising from a false representation made knowingly or recklessly with the intent that another person should detrimentally rely on it." Belmont, 708 F.3d at 498 (internal quotations omitted).

Doherty, 2016 WL 5390638, at *5. Here, Plaintiff has proffered only general allegations that the Defendant engaged in "improper conduct which has created a likelihood of confusion or misunderstanding. . . ." Compl. at ¶ 22(b). However, "[g]eneral allegations that defendant engaged in deceptive conduct without specifying what that deceptive conduct actually was are

---

[2] Complaint Paragraph 22(b) actually references Section 201-2(4)(xvii) of the UTPCPL; this latter provision prohibits certain conduct in the course of "[m]aking solicitations for sales of goods or services over the telephone," and is patently inapplicable here.

insufficient; a plaintiff must identify the specific act, omission or misrepresentation 'in order to demonstrate that such confusion or misunderstanding was caused by certain acts or omissions on the part of the Defendants.'" Doherty, 2016 WL 5390638, at *6 (quoting Farmerie v. Kramer, No. 2071 WDA 2014, 2015 WL 6507844, at *9 (Pa. Super. Oct. 27, 2015)).

Second, Plaintiff has not pled facts that could establish his justifiable reliance on the Defendant's alleged wrongful conduct. Fundamentally, Plaintiff's allegations relate not to the sale of the UIM policy but to the Defendant's conduct during the claims handling process. However, "[a]llegations of misconduct in the claims handling process are not actionable under the UTPCPL." Doherty, 2016 WL 5390638, at *8. Instead, such claims are properly asserted under Pennsylvania's bad faith statute. See Gibson v. Progressive Specialty Ins. Co., No. 15-1038, 2015 WL 2337294, at *4 (E.D. Pa. May 13, 2015) (noting that the Pennsylvania Supreme Court in Toy v. Metropolitan Life Ins. Co., 928 A.2d 186, 202–03 (Pa. 2007), "appeared to recognize a legislative scheme in which misconduct relating to the selling of a policy is governed by the [UTPCPL] and misconduct related to the handling of claims allegedly due under the policy is governed by the bad faith statute.") (internal quotation marks and citation omitted). Accordingly, numerous courts have dismissed UTPCPL actions which were premised on misconduct during the claims handling process. See, e.g., Doherty, 2016 WL 5390638, at *7 ("While the UTPCPL applies to the sale of an insurance policy, it does not apply to the handling of insurance claims.") (internal quotation marks, alteration, and citation omitted); Murphy v. State Farm Mut. Auto. Ins. Co., No. 16–2922, 2016 WL 4917597, at *6 (E.D. Pa. Sep. 15, 2016) ("[T]to the extent that Ms. Murphy's Complaint stems from State Farm's refusal to pay the full amount of her UIM claim, such 'nonfeasance,' as opposed to 'malfeasance,' or the improper performance of contractual duties, is not actionable under the UTPCPL."); Phillips v. State Farm

Mut. Auto. Ins. Co., Civil Action No. 4:14-CV-1919, 2015 WL 3454537, at *3-4 (M.D. Pa. May 29, 2015) (plaintiff could not state UTPCPL claim by alleging that he justifiably relied on defendant insurer's improper investigation of his claim); Monck v. Progressive Corp., No. 15-250, 2015 WL 1638574, at *7 (M.D. Pa. Apr. 13, 2015)("Plaintiff could not have justifiably relied on the way Defendants handled her claim.") ; Smith v. State Farm Mut. Auto. Ins. Co., No. CIV.A. 11-7589, 2012 WL 508445, at *4 (E.D. Pa. Feb. 16, 2012) (plaintiff could not have justifiably relied on the way in which insurer handled her claim because "[o]n 'issues such as liability, damages, coverage or even procedure, [UIM] claims ... are inherently and unavoidably arm's length and adversarial.'") (quoting Zappile v. Amex Assur. Co., 928 A.2d 251, 256 (Pa. Super. Ct. 2007)) (second alteration and ellipsis in the original), aff'd, 506 F. App'x 133 (3d Cir. 2012).[3]

In sum, Plaintiff has failed to state a viable claim for damages under the UTPCPL. Because the defects in his claim cannot feasibly be cured through amendment, and because the alleged mishandling of Plaintiff's UIM claim is more properly addressed in the context of Pennsylvania's bad faith statute, the UTPCPL claim will be dismissed with prejudice.

---

[3] The Court notes that Plaintiff also appears to impermissibly base his UTPCPL claim, in part, upon alleged violations of the UIPA. See Compl. at ¶ 22 ("By virtue of the fact that the Defendant has failed to comply with the standards established in the Unfair Insurance Practices Act, ... the Defendant has violated the Unfair Insurance Practices Act and Consumer Protection Law. . . ."). The UIPA, 40 Pa. Stat. Ann. § 1171.5, is "enforced by the Insurance Commissioner of the Commonwealth." Hardy v. Pennock Ins. Agency, Inc., 529 A.2d 471, 478 (Pa. Super. Ct. 1987) (internal citations omitted). Notably, "there is no private cause of action under the UIPA." Smith v. Nationwide Mut. Fire Ins. Co., 935 F. Supp. 616, 620 (W.D. Pa. 1996). Accordingly, "an alleged violation of the [UIPA] cannot and will not be entertained by [the] Court," even when it is "set forth as the basis of another claim." Gordon v. Pa. Blue Shield, 548 A.2d 600, 603 (Pa. Super. Ct. 1988). To the extent Plaintiff's UTPCPL claim is based upon a violation of the UIPA, this Court lacks jurisdiction over the claim. See id. (court lacked jurisdiction over plaintiff's UTPCPL claim to the extent that it asked the court to determine whether defendant violated the UIPA); Smith, 935 F. Supp. at 622 (same).

## II. ORDER

For the reasons stated above, Defendant's Motion for Partial Dismissal of the Complaint (**Doc. 6**) is **GRANTED.** Plaintiff's bad faith claim in Count II of the Complaint is dismissed without prejudice and with leave to amend. Plaintiff shall file any amended Complaint on or before January 3, 2017. Plaintiff's claim under the Unfair Trade Practices and Consumer Protection Law is dismissed with prejudice.

IT IS SO ORDERED.


December 21, 2016                                    s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge


cc (via ECF email notification):

    All Counsel of Record